IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | CIVIL ACTION NO. 6:21-cv-00123 |
| Plaintiff, | ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT |
| v. | **JURY TRIAL DEMANDED** |
| LG ELECTRONICS INC., AND LG ELECTRONICS U.S.A., INC., | |
| Defendant. | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Gesture Technology Partners, LLC ("GTP" or "Plaintiff") files this original complaint against LG Electronics Inc. ("LGE"), and LG Electronics U.S.A., Inc. ("LG USA") (collectively "LG") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**PARTIES**

1.      Gesture Technology Partners, LLC is a limited liability company filed under the laws of the State of Ohio, with its principal place of business at 2815 Joelle Drive, Toledo, Ohio 43617.

2.      Defendant LG Electronics Inc. is a corporation organized and existing under the laws of the Republic of Korea. It has its principal place of business at LG Twin Towers, 128 Yeouidaero, Yeongdungpo-gu, Seoul, South Korea.  LGE designs, manufactures, makes, uses, imports into the United States, sells, and/or offers for sale in the United States LGE smartphones

and tablets.  LGE's smartphones and tablets are marketed, used, offered for sale, and/or sold throughout the United States, including within this district.

3.       Defendant LG Electronics U.S.A., Inc. is a corporation organized under the laws of the State of Delaware. It has a principal place of business at 1000 Sylvan Avenue Englewood Cliffs, New Jersey 07632.  LG USA is a wholly owned subsidiary of LGE and oversees domestic sales and distribution of LG's consumer electronics products, including the products accused of infringement in this case.

## JURISDICTION AND VENUE

4.       GTP repeats and re-alleges the allegations in Paragraphs 1-3 as though fully set forth in their entirety.

5.       This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

6.       Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(c).

7.       LG is subject to this Court's specific and general personal jurisdiction due at least to LG's substantial business in this forum, including (i) at least a portion of the infringements alleged herein; or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

8.       Specifically, LG intends to and does business in Texas, directly or through intermediaries and offers its products or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the Western District of Texas.

9.      LG USA maintains a regular and established place of business in this District, including at 9420 Research Blvd, Austin, Texas 78759, and a representative office at 9600 Great Hills Trail, Suite 150W, Austin, Texas 78759.  LG USA maintains additional regular and established places of business at 21251-2155 Eagle Parkway, Fort Worth, Texas 76177 and 14901 Beach St, Fort Worth, TX 76177.  LG USA may be served with process through its registered agent for service in Texas: United States Corporation Co. 211 E. 7th Street, Suite 620, Austin, Texas 78701.

10.      Venue is proper against LGE pursuant to 28 U.S.C. § 1391(c)(3) because venue is proper in any judicial district against a foreign corporation.  *See In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

11.      Venue is proper against LG USA in this District pursuant to 28 U.S.C. § 1400(b) because it has maintained established and regular places of business in this District and has committed acts of patent infringement in the District.  *See In re Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017).

**THE TECHNOLOGY**

12.      GTP repeats and re-alleges the allegations in Paragraphs 1-11 as though fully set forth in their entirety.

13.      GTP was founded in 2013 by Dr. Timothy Pryor, the sole inventor of the five Asserted Patents.  He currently resides in Toledo, Ohio.  Dr. Pryor received a B.S. in Engineering Physics from Johns Hopkins University in 1962, where he was also a member of the Army Reserve Officer in Training (ROTC) program.  Upon graduation, he was commissioned as a Second Lieutenant in the United States Army.  Dr. Pryor continued his education, obtaining an M.S. in

Physics from the University of Illinois (1964) and a Ph.D. in Mechanical Engineering from the University of Windsor (1972).

14.     Dr. Pryor rose to the rank of Captain in the U.S. Army before his honorable discharge in 1967.  Dr. Pryor at the U.S. Army Aberdeen Proving Ground and served in Italy, commanding missile teams supporting the Italian armed forces on a NATO anti-aircraft missile site, charged with guarding nuclear warheads and providing technical assistance to NATO.

15.     Dr. Pryor is a named inventor on over 200 patents and patent applications.  For the past four decades, he has been a pioneer in laser sensing technology, motion sensing technology, machine vision technology and camera-based interactive technology.

16.     Since the 1970's, Dr. Pryor has founded and led three other operating companies: two small operating companies in the automotive parts inspection and robotics businesses, one company that developed new forms of vehicle instrument panel controls, and co-founded another company that utilized camera-based sensors for physical therapy.  Dr. Pryor is responsible for a significant amount of the research and development for the technologies at these companies.

17.     The patents-in-suit, U.S. Patent Nos. 8,194,924 (the "'924 patent"), 7,933,431 (the "'431 patent"), 8,878,949 (the "'949 patent"), and 8,553,079 (the "'079 patent"), and 7,804,530 (the "'530 patent") (collectively, the "Asserted Patents"), are generally directed to innovations in using mobile phone cameras to assist a user to interact with their smartphone, including, for example, but not limited to unlocking their phone, taking and using photos or videos, and providing other functions.

18.     Dr. Pryor conceived of the inventions embodied in the Asserted Patents  in the mid- to late-1990s, when he was working on a variety of different projects related to imaging and

computer control.  Dr. Pryor describes the process as a brainstorm that led to several breakthrough moments, ultimately resulting in the Asserted Patents.

## DISCUSSIONS WITH LG

19.     Dr. Pryor and his patents are well-known to LG.

20.     On September 12, 2017, GTP initiated a licensing discussion with LG by sending a letter to LG providing LG with the Asserted Patents and describing how LG was using the technology.

21.     LG responded by email on September 29, 2017 and the parties engaged in a series of email discussions over the course of next four months through at least January of 2018.

22.     As a result of the correspondence described above and other negotiations, LG was aware of the details of the Asserted Patents and was aware that LG needed a license to practice the inventions in the Asserted Patents.

23.     On information and belief, LG did not take any steps to change their products or to inform its engineers and design team of the Asserted Patents to avoid infringing them.

## THE ACCUSED PRODUCTS

24.     GTP repeats and re-alleges the allegations in Paragraphs 1-23 as though fully set forth in their entirety.

25.     LG infringed the asserted patents by making, using, selling, offering to sell, and importing its smartphones and tablets.  Exemplary accused smartphones and tablets include, but are not limited to, the LG G Pad F 8.0 2nd Gen ACG, LG G Pad 5 10.1, LG Wing 5G, the LG G8X ThinQ Dual Screen, the LG Q70, the LG Stylo 6, the LG K51, the LG K31, the LG Stylo 5, the LG Dual Screen for LG Velvet 5G, the LG K30, the LG K31 Rebel, the LG K92, the LG VELVET 5G, the LG VELVET 5G UW, the LG V60 ThinQ 5G, the LG V60 ThinQ 5G UW, the

LG Xpression Plus 3, the LG Phoenix 5, the LG Neon Plus, the LG G8X ThinQ, the LG Arena 2,

the LG Prime 2, and LG G-series smartphones (collectively the "Accused Products").

**EXAMPLES OF LG'S MARKETING OF THE ACCUSED FEATURES**

26.     The Accused Products have features including, but not limited to, at least the

following:  Tracking Focus, Picture Face Recognition, Selfie Focus, Portrait Mode, Gesture Shots,

Gesture Shutter Take, Hand ID, Air Motion, Auto Shot, and 3D AR Stickers (the "Features").

27.     The Features drive the popularity and sales of the Accused Products.

28.     For example, LG has marketed the Accused Products using touchless commands to

unlock the phone as a superior security feature, as described in the following screenshot from LG's

website:[1]



_____

[1] LG Electronics Co., Ltd., *LG G8 ThinQ*, available at https://www.lg.com/us/cell-
phones/lg-lmg820qm7-unlocked-g8-thinq-black (last accessed January 18, 2020).

29.      LG has marketed its Accused Products using Air Motion as a new way to interact with LG phones, as described in the following screenshot from LG's website:[2]



30.      LG has marketed its Accused Products using functions in taking photos and videos, such as taking portrait photos that separate the object from the background, as described in the following screenshot from LG's website:[3]

---

[2] LG Electronics Co., Ltd., *LG G8 ThinQ*, available at https://www.lg.com/us/cell-phones/lg-lmg820qm7-unlocked-g8-thinq-black (last accessed January 18, 2020).
[3] LG Electronics Co., Ltd., *LG G8 ThinQ*, available at https://www.lg.com/us/cell-phones/lg-lmg820qm7-unlocked-g8-thinq-black (last accessed January 18, 2020).



31.      LG has marketed its Accused Products using functions in taking photos and videos, such as Gesture Shot to take pictures with the front facing camera, as described in the following screenshot from LG's website:[4]

---

[4] LG Electronics Co., Ltd., *How to take interval Gesture Shot using front camera*, available at https://www.lg.com/ae/support/help-library/v10-how-to-take-interval-gesture-shot-using-front-camera-CT20076025-20150104136670 (last accessed January 18, 2020).



## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,194,924

32.      GTP repeats and re-alleges the allegations in Paragraphs 1-31 as though fully set forth in their entirety.

33.      GTP owns all substantial rights, interest, and title in and to the '924 patent, including the sole and exclusive right to prosecute this action and enforce the '924 patent against infringers, and to collect damages for all relevant times.  The United States Patent and Trademark

Office duly issued the '924 patent on June 5, 2012.  A copy of the '924 patent is attached as Exhibit A.

34.     The '924 patent is titled "Camera Based Sensing in Handheld, Mobile, Gaming or Other Devices."  The '924 patent describes using a camera output such that the handheld device's computer performs a control function on the device, such as acquiring or taking images, reading things, determining data, transmitting data, printing data, and actuating a vehicle or function.

35.     The claims of the '924 patent are not directed to an abstract idea.

36.     LG has directly infringed (literally or under the doctrine of equivalents) at least Claim 1 of the '924 patent.

37.     LG has infringed the '924 patent by making, using, selling, offering for sale, and importing the Accused Products.

38.     The Accused Products are handheld devices with a housing and a computer, including but not limited to one or more System-on-Chips.

39.     The Accused Products have at least one first camera oriented to view a user of the Accused Product.  The first camera has an output when used.

40.     The Accused Products have at least one second camera oriented to view an object other than the user.  The second camera has an output when used.

41.     The first and second cameras of the Accused Products have non-overlapping fields of view.

42.     The computer of the Accused Products is adapted to perform a control function, such as the control functions associated with the Features, based on an output of either the first camera or the second camera.

43.     Plaintiff has been damaged as a result of the infringing conduct by LG alleged above.  Thus, LG is liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

44.     Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '924 patent.

45.     Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '924 patent.

46.     LG had knowledge of the '924 patent at least as early as September 12, 2017, when GTP contacted LG in an attempt to license the Asserted Patents.

47.     LG has also indirectly infringed one or more claims of the '924 patent by inducing others to directly infringe the '924 patent.  LG has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '924 patent by using the Accused Products.  LG took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '924 patent, including, for example, Claim 1 of the '924 patent.  Such steps by LG included, among other things, advising or directing end-users and other third-parties to use the Accused Features in the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner.  LG performed these steps, which constitute induced infringement with the knowledge of the '924 patent and with the knowledge that the induced acts constitute infringement.  LG was aware that the normal and customary use of the Accused Products by others would infringe the '924 patent.

LG's direct infringement of the '924 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,933,431

48.     GTP repeats and re-alleges the allegations in Paragraphs 1-47 as though fully set forth in their entirety.

49.     GTP owns all substantial rights, interest, and title in and to the '431 patent, including the sole and exclusive right to prosecute this action and enforce the '431 patent against infringers, and to collect damages for all relevant times.  The United States Patent and Trademark Office duly issued the '431 patent on April 26, 2011.  A copy of the '431 patent is attached as Exhibit B.

50.     The '431 patent is titled "Camera Based Sensing in Handheld, Mobile, Gaming, or Other Devices."  The '431 patent describes a method for a user to control a handheld device using gestures that are observed by a sensor on the handheld device.

51.     LG has directly infringed (literally or under the doctrine of equivalents) at least Claim 7 of the '431 patent.  LG has infringed the '431 patent by making, using, selling, offering to sell, and importing the Accused Products.

52.     The claims of the '431 patent are not directed to an abstract idea.

53.     The Accused Products are handheld computers.

54.     The Accused Products have a housing.

55.     The Accused Products have one or more cameras associated with their housing. The one or more cameras obtain images of objects using reflected light from the objects.

56.     A computer, including but not limited to at least one System on Chip, resides within the housing of the Accused Products.  The computer analyzes images obtained by the one or more images to determine information about a position or movement of the object.

57.     The Accused Products use information about the object to control a function of the Accused Products, such as the functions associated with the Features.

58.     Plaintiff has been damaged as a result of the infringing conduct by LG alleged above.  Thus, LG is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

59.     Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '431 Patent.

60.     Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '431 patent.

61.     LG had knowledge of the '431 patent at least as early as September 12, 2017, when GTP contacted LG in an attempt to license the Asserted Patents.

62.     LG has also indirectly infringed one or more claims of the '431 patent by inducing others to directly infringe the '431 patent.  LG has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '431 patent by using the Accused Products.  LG took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '431 patent, including, for example, Claim 7 of the '431 patent.  Such steps by LG included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused

Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner.  LG performed these steps, which constitute induced infringement with the knowledge of the '431 patent and with the knowledge that the induced acts constitute infringement.  LG was aware that the normal and customary use of the Accused Products by others would infringe the '431 patent.  LG's direct and indirect infringement of the '431 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,878,949

63.     GTP repeats and re-alleges the allegations in Paragraphs 1-62 as though fully set forth in their entirety.

64.     GTP owns all substantial rights, interest, and title in and to the '949 patent, including the sole and exclusive right to prosecute this action and enforce the '949 patent against infringers, and to collect damages for all relevant times.  The United States Patent and Trademark Office duly issued the '949 patent on November 4, 2014.  A copy of the '949 patent is attached as Exhibit C.

65.     The '949 Patent is titled "Camera Based Interaction and Instruction."  The '949 patent describes a device that allows a user to control the device using gestures registered by the front-facing camera and an electro-optical sensor.

66.     The claims of the '949 patent are not directed to an abstract idea.

67.      LG has directly infringed (literally or under the doctrine of equivalents) at least Claim 1 of the '949 patent.  LG infringed the '949 patent by making, using, selling, offering for sale, and importing the Accused Products.

68.      The Accused Products are portable devices.

69.      The Accused Products have a housing.  The housing has a forward-facing portion that includes an electro-optical sensor that has a field of view and a digital camera.

70.      Within the housing is a processing unit including, but not limited to, at least one System on Chip.  The processing unit is coupled to the electro-optical sensor.

71.      The processing unit in the Accused Products has been programmed to determine if a gesture has been performed in the electro-optical sensors field of view based on an output from the electro-optical sensor.

72.      The processing unit of the Accused Products controls the digital camera in response to the gesture performed.  Such gestures are used by the Features.

73.      Plaintiff has been damaged as a result of the infringing conduct by LG alleged above.  Thus, LG is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

74.      Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '949 Patent.

75.      Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '949 patent.

76.      LG had knowledge of the '949 patent at least as early as September 12, 2017, when GTP contacted LG in an attempt to license the Asserted Patents.

77.      LG has also indirectly infringed one or more claims of the '949 patent by inducing others to directly infringe the '949 patent.  LG has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '949 patent by using the

Accused Products.  LG took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '949 patent, including, for example, Claim 1 of the '949 patent.  Such steps by LG included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products  in an infringing manner.  LG performed these steps, which constitute induced infringement with the knowledge of the '949 patent and with the knowledge that the induced acts constitute infringement.  LG was aware that the normal and customary use of the Accused Products by others would infringe the '949 patent.  LG's direct and indirect infringement of the '949 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

**COUNT IV**

**INFRINGEMENT OF U.S. PATENT NO. 8,553,079**

78.      GTP repeats and re-alleges the allegations in Paragraphs 1-77 as though fully set forth in their entirety.

79.      GTP owns all substantial rights, interest, and title in and to the '079 patent, including the sole and exclusive right to prosecute this action and enforce the '079 patent against infringers, and to collect damages for all relevant times.  The United States Patent and Trademark Office duly issued the '079 patent on October 8, 2013.  A copy of the '079 patent is attached as Exhibit D.

80.     The '079 patent is titled "More Useful Man Machine Interfaces and Applications." The '079 patent describes methods and apparatuses related to determining gestures illuminated by a light source of a computer by using a camera housed in the computer.

81.     The claims of the '079 patent are not directed to an abstract idea.

82.     LG has directly infringed (literally or under the doctrine of equivalents) at least Claim 11 of the '079 patent.  LG has infringed the '079 patent by making, using, selling, offering for sale, and importing the Accused Products.

83.     The Accused Products are computer apparatuses.

84.     The Accused Products contain a light source that will illuminate a human body part within a work volume.

85.     The Accused Products have one or more cameras.  The one or more cameras have a fixed relation to the light source.  The one or more cameras of the Accused Products are oriented to observe gestures performed by a human body part.

86.     The Accused Products have one or more processors including, but not limited to, one or more System on Chips, that have been programmed to determine a gesture performed based on output from the one or more cameras.

87.     Plaintiff has been damaged as a result of the infringing conduct by LG alleged above.  Thus, LG is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

88.     Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '079 patent.

89.     Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '079 patent.

90.     LG had knowledge of the '079 patent at least as early as September 12, 2017, when GTP contacted LG in an attempt to license the Asserted Patents.

91.     LG has also indirectly infringed one or more claims of the '079 patent by inducing others to directly infringe the '079 patent.  LG has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '079 patent by using the Accused Products.  LG took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '079 patent, including, for example, Claim 11 of the '079 patent.  Such steps by LG included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner.  LG performed these steps, which constitute induced infringement with the knowledge of the '079 patent and with the knowledge that the induced acts constitute infringement.  LG was aware that the normal and customary use of the Accused Products by others would infringe the '079 patent.  LG's inducement is ongoing.

92.     LG's direct and indirect infringement of the '079 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 7,804,530

93.     GTP repeats and re-alleges the allegations in Paragraphs 1-92 as though fully set forth in their entirety.

94.     GTP owns all substantial rights, interest, and title in and to the '530 patent, including the sole and exclusive right to prosecute this action and enforce the '530 patent against infringers, and to collect damages for all relevant times.  The United States Patent and Trademark Office duly issued the '530 patent on September 28, 2010.  A copy of the '530 patent is attached as Exhibit E.

95.     The '530 patent is titled "Picture Taking Method and Apparatus."  The '530 patent describes a method and apparatus for enhancing the quality and usefulness of taking photos and videos.

96.     The claims of the '530 patent are not directed to an abstract idea.

97.     LG has directly infringed (literally or under the doctrine of equivalents) at least Claim 1 of the '530 patent.  LG has infringed the '530 patent by making, using, selling, offering for sale, and importing the Accused Products.

98.     The Accused Products are designed to enable a method of photographing a person.

99.     The Accused Products have one or more cameras, a computer, and an image processing software.

100.     The Accused Products may be positioned so that the one or more cameras of the Accused Products view a person, including that person's face, so that the one or more cameras of the Accused Products are positioned separate from that person.

101.     The one or more cameras of the Accused Products are able to acquire an image of a person.

102.     The computer of the Accused Products is able to process that image.

103.     The computer of the Accused Products is able to determine from that processed image a state of that person.

19

104.     The computer of the Accused products is able to compare the state of that person to a desired state.

105.     The computer of the Accused Products is able to record an image that is viewable later as a photograph, if the result of the aforementioned comparison is that the state of that person is the desired state.

106.     Plaintiff has been damaged as a result of the infringing conduct by LG alleged above.  Thus, LG is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

107.     Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '530 patent.

108.     Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '530 patent.

109.     LG had knowledge of the '530 patent at least as early as September 12, 2017, when GTP contacted LG in an attempt to license the Asserted Patents.

110.     LG has also indirectly infringed one or more claims of the '530 patent by inducing others to directly infringe the '530 patent.  LG has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '530 patent by using the Accused Products.  LG took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '530 patent, including, for example, Claim 1 of the '530 patent.  Such steps by LG included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused

Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner. LG performed these steps, which constitute induced infringement with the knowledge of the '530 patent and with the knowledge that the induced acts constitute infringement. LG was aware that the normal and customary use of the Accused Products by others would infringe the '530 patent. LG's inducement is ongoing.

111.     LG's direct and indirect infringement of the '530 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

GTP requests that the Court find in its favor and against LG, and that the Court grant GTP the following relief:

a.     Judgment that one or more claims of the Asserted Patents have been infringed, either literally or under the doctrine of equivalents, by LG or all others acting in concert therewith;

b.     Judgment that LG accounts for and pays to GTP all damages to and costs incurred by GTP because of LG's infringing activities and other conduct complained of herein;

c.     Judgment that LG's infringements be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d.     Pre-judgment and post-judgment interest on the damages caused by LG's infringing activities and other conduct complained of herein;

e.     That this Court declare this an exceptional case and award GTP its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f.     All other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 4, 2021                Respectfully submitted,


                                       By: /s/ Fred I. Williams
                                       Fred I. Williams
                                       Texas State Bar No. 00794855
                                       Michael Simons
                                       Texas State Bar No. 24008042
                                       Jonathan L. Hardt
                                       Texas State Bar No. 24039906
                                       Chad Ennis
                                       Texas State Bar No. 24045834
                                       WILLIAMS SIMONS & LANDIS PLLC
                                       327 Congress Ave., Suite 490
                                       Austin, TX 78701
                                       Tel: 512-543-1354
                                       fwilliams@wsltrial.com
                                       msimons@wsltrial.com
                                       jhardt@wsltrial.com
                                       cennis@wsltrial.com

                                       Todd E. Landis
                                       State Bar No. 24030226
                                       WILLIAMS SIMONS & LANDIS PLLC
                                       2633 McKinney Ave., Suite 130 #366
                                       Dallas, TX 75204
                                       Tel: 512-543-1357
                                       tlandis@wsltrial.com

                                       John Wittenzellner
                                       Pennsylvania State Bar No. 308996
                                       WILLIAMS SIMONS & LANDIS PLLC
                                       1735 Market Street, Suite A #453
                                       Philadelphia, PA 19103
                                       Tel: 512-543-1373
                                       johnw@wsltrial.com

                                       *Attorneys for Plaintiff Gesture Technology
                                       Partners, LLC*