# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LG ELECTRONICS INC., AND LG ELECTRONICS U.S.A., INC.,<br><br>　　　　　Defendants. | C.A. No. 6:21-cv-123-ADA<br><br>JURY TRIAL DEMANDED |

## DEFENDANT LG'S OPPOSED MOTION TO TRANSFER VENUE

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1
II. FACTUAL BACKGROUND .......................................................................................... 2
    A. The LG Defendants ............................................................................................. 2
    B. LGEUS Does Not Have Any Offices, Facilities, or Relevant Employees in WDTX ................................................................................................................... 3
    C. The Western District of Texas Has Expended Very Few Judicial Resources on This Case ....................................................................................................... 4
III. APPLICABLE LAW ....................................................................................................... 4
IV. VENUE IS IMPROPER IN THE WESTERN DISTRICT OF TEXAS AS TO LGEUS ..................................................................................................................... 5
    A. LGEUS Does Not "Reside" in the Western District of Texas ............................. 5
    B. LGEUS Does Not Have a "Regular and Established Place of Business" in the Western District of Texas ............................................................................ 7
    C. This Case Should Be Transferred to the Northern District of California Pursuant to 28 U.S.C. § 1406(a) .......................................................................... 9
V. THE CASE AGAINST LGEKR SHOULD ALSO BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA ................................................. 11
VI. CONCLUSION .............................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*,
   450 Fed. App'x 326 (5th Cir. 2011) ...................................................................................8

*Agis Software Dev.*,
   2018 U.S. Dist. LEXIS 235914, 2018 WL 4854023 (E.D. Tex. Sept. 28, 2018) ...................11

*B/E Aerospace, Inc. v. Zodiac Aerospace*,
   No. 2:16-CV-01417-JRG, 2018 WL 7140299 (E.D. Tex. Nov. 30, 2018) ..........................4, 5

*Correct Transmission LLC v. ADRAN, Inc.*,
   No. 6:20-CV-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021) ........................5, 7

*In re Cray*,
   871 F.3d 1355 (Fed. Cir. 2017) ..............................................................................4, 6, 7, 8

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ............................................................................................................9

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
   141 S. Ct. 1017 (2021) ......................................................................................................10

*In re Google LLC*,
   949 F.3d 1338 (Fed. Cir. 2020) ...........................................................................................7

*Herman v. Cataphora, Inc.*,
   730 F.3d 460 (5th Cir. 2013) ............................................................................................10

*Magnacoustics, Inc. v. Resonance Tech. Co.*,
   132 F.3d 49 (Fed. Cir. 1997) ..............................................................................................4

*Minn. Mining & Mfg. Co. v. Eco Chem, Inc.*,
   757 F.2d 1256 (Fed. Cir. 1985) ..........................................................................................6

*Moran v. Smith*,
   No. 5:15-CV-1121-DAE, 2016 WL 4033268 (W.D. Tex. July 27, 2016) ...........................10

*N. Am. Philips Corp. v. Am. Vending Sales, Inc.*,
   35 F.3d 1576 (Fed. Cir. 1994) ............................................................................................9

*Nat'l Steel Car Ltd. v. The Greenbrier Companies, Inc.*,
   No. 6:19-cv-00721-ADA, 2020 WL 4289388 (W.D. Tex. July 27, 2020) ........................7, 8

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Optic153 LLC v. Thorlabs Inc.*,
  No. 6:19-CV-00667-ADA, 2020 WL 3403076 (W.D. Tex. June 19, 2020) ..............................8

*In re Rolls Royce Corp.*,
  775 F.3d 671 (5th Cir. 2014) ........................................................................................1, 11

*Sovereign IP, LLC v. AT&T Inc.*,
  No. 2:17-CV-00293-RWS, 2017 WL 5126158 (E.D. Tex. Oct. 31, 2017) ..............................8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*
  137 S. 1514 (2017) ..................................................................................................1, 4, 5

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018) ................................................................................................5

**Statutes**

28 U.S.C. § 1338(a) ...........................................................................................................10

28 U.S.C. § 1391(c)(3) .........................................................................................................9

28 U.S.C. § 1400(b) ................................................................................................. *passim*

28 U.S.C § 1406(a) ..............................................................................................1, 5, 9, 10

Cal. Code Civ. P. § 410.10 ....................................................................................................9

**I.    INTRODUCTION**

Defendants LG Electronics Inc. ("LGEKR") and LG Electronics U.S.A., Inc. ("LGEUS") (collectively, "LG") respectfully file this Motion to Transfer for Improper Venue Pursuant to 28 U.S.C § 1406(a). Venue in the Western District of Texas ("WDTX") is improper under 28 U.S.C. § 1400(b), as LGEUS neither resides nor has a regular and established place of business in WDTX. Under § 1400(b), Plaintiff Gesture Technology Partners, LLC ("GTP" or "Plaintiff") must show that LGEUS either (1) resides—*i.e.*, is incorporated—in this District, or (2) that it has (a) a regular and established place of business and (b) committed acts of infringement in this District. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1520-21 (2017). GTP's Complaint does neither.

As GTP acknowledges, LGEUS is incorporated in Delaware and, thus, does not "reside" in this District. [Dkt. 1 at ¶ 3.] The first prong of § 1400(b), therefore, is inapplicable. As for § 1400(b)'s second, two-part prong, GTP has asserted that LGEUS has "a regular and established place of business" in the Western District of Texas but, as discussed below, LGEUS does not own, lease, operate, manage, or control either of these facilities, and no LGEUS employees work at either facility. Accordingly, neither of these facilities constitutes "a regular and established place of business" of LGEUS and, thus, neither facility can support venue as to LGEUS in the Western District of Texas.

Where venue is improper, 28 U.S.C. § 1406(a) provides that the Court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." Because this case must be transferred with respect to LGEUS due to improper venue, the case against LGEKR should also be transferred as failing to do so "would require the same issue to be litigated in two cases" in two different forums. *In re Rolls Royce Corp.*, 775 F.3d 671, 680 (5th Cir. 2014). Accordingly, Defendants respectfully request that the Court grant this

motion and transfer this case to the Northern District of California, where LGEUS maintains three facilities and where relevant third parties are located.

## II.     FACTUAL BACKGROUND

### A.      The LG Defendants

LGEKR is a Korean corporation with its principal place of business in Seoul, South Korea. [Yoon Decl. at ¶ 2.] LGEKR and its employees in Korea are primarily responsible for the design, research and development, engineering, sourcing of components, and manufacture and assembly of LG-branded devices, including those products accused of infringement in this case. [*Id.*] LGEKR has no regular and established place of business in this District, or anywhere else in the United States for that matter. [*Id.*]

LGEUS is a wholly-owned subsidiary of LGEKR and is incorporated in Delaware. [*Id.* at ¶ 3.] LGEUS is a legally and factually separate corporate entity, distinct from LGEKR, and each entity maintains all of its respective corporate formalities. [*Id.*] LGEUS has offices in Santa Clara and Napa in the NDCA, where it has about 100 employees, including employees responsible for LG's relationship with relevant third parties such as Google, whose software product is incorporated in the accused products. [*Id.* at ¶¶ 3-4] For example, LG employees from both LGEUS and LGEKR regularly communicate and interact with Google personnel located within the Northern District of California (*e.g.*, Santa Clara and Mountain View) in connection with the accused products. [*Id.* at ¶ 4.] Moreover, LGEKR employees have travelled to NDCA to meet with Google employees (and LGEUS employees) and SDCA to meet with Qualcomm employees (and LGEUS employees) in connection with the accused products. [*Id.*]

### B.     LGEUS Does Not Have Any Offices, Facilities, or Relevant Employees in WDTX

LGEUS does not own, lease, or rent any facilities located in WDTX and has not done so within at least the past five years. [Yoon Decl. at ¶ 5.] LGEUS's only employees in WDTX are three (3) work-from-home employees. [*Id.* at ¶ 7.] These three employees are not required to live in WDTX as a condition of their employment, do not store LGEUS inventory, or meet LGEUS customers at their homes, and none of their work relates to the products at issue in this litigation. [*Id.*] Further, LGEUS does not own, rent, lease, or pay for any portion of the home of any of those employees. [*Id.*]

GTP alleges that LGEUS has a physical place of business located at 9420 Research Blvd, Austin, Texas 78759. [Dkt. 1 at ¶ 9.] But LGEUS does not own or rent space at that address, nor does it have employees or operations at that address. [Yoon Decl. at ¶ 5.] And GTP cannot provide any evidence to support its allegation.

LGEUS does not have a facility at 9600 Great Hills Trail, Suite 150W, Austin, Texas 78759 ("Great Hills facility"), as GTP alleges. [*Id.* at ¶ 6.] Rather, that address appears to be associated with LG *Display America Inc*. [*Id.*; *see also* Ex. 1 (printout of LG Display website).] LG Display America Inc. ("LG Display") is a subsidiary of LG Display Co., Ltd., which is a Korean corporation separate from LGEKR. [Yoon Decl. at ¶ 6.] LGEUS has no direct corporate relationship to any LG Display entity. [*Id.*] Thus, even assuming that LG Display has offices in Austin, those offices of LG Display are not a place of business of LGEUS.

GTP also identifies two addresses in Fort Worth, Texas. [Dkt. 1 at ¶ 9.] But those addresses are *not* in WDTX and are thus not relevant to this venue inquiry. In short, LGEUS does not have any regular and established places of business in WDTX.

### C.     The Western District of Texas Has Expended Very Few Judicial Resources on This Case

This case is in its infancy. The parties have not yet conducted their Rule 26 conference; GTP has not served infringement contentions; LG has not served invalidity contentions; and this is the first substantive motion filed by either side. None of the asserted patents have been previously litigated in this District. Thus, the Court has invested little time in this action, the technology at issue, and the claims at issue.

### III.    APPLICABLE LAW

Venue in patent cases is governed by 28 U.S.C. § 1400(b), under which "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Under *TC Heartland LLC v. Kraft Foods Group Brands LLC*, a domestic corporation "resides" only in its state of incorporation. 137 S. Ct. 1514, 1517 (2017). A defendant has a "regular and established place of business" in a district only if there is (1) "a physical place in the district" that is (2) a "regular and established" place of business and (3) that is a "place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.*

In cases involving multiple defendants, it is not sufficient that venue is proper as to some, but not all defendants. Rather, "venue must be proper as to ***each defendant*** and each claim." *E.g.*, *B/E Aerospace, Inc. v. Zodiac Aerospace*, No. 2:16-CV-01417-JRG, 2018 WL 7140299, at *6 & n.1 (E.D. Tex. Nov. 30, 2018) (collecting cases) (emphasis added); *see also Magnacoustics, Inc. v. Resonance Tech. Co.*, 132 F.3d 49 (Fed. Cir. 1997) (unpublished) ("Furthermore, as firmly established by judicial decisions, in an action involving multiple defendants venue and jurisdiction requirements must be met as to each defendant."). When a case is filed in an improper venue, the

Court may dismiss the case or may transfer it to a district where it could have been brought. 28 U.S.C. § 1406(a).

"[T]he Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). In assessing venue under § 1400(b), the Court must look at the facts that existed at the time the suit was filed. *Correct Transmission LLC v. ADRAN, Inc.*, No. 6:20-CV-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021). Where venue is improper, 28 U.S.C. § 1406(a) provides that the Court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought."

## IV. VENUE IS IMPROPER IN THE WESTERN DISTRICT OF TEXAS AS TO LGEUS

### A. LGEUS Does Not "Reside" in the Western District of Texas

Venue in WDTX is improper as to defendant LGEUS.[1] LGEUS "resides" only in Delaware, where it is incorporated. [Yoon Decl. at ¶ 3]; *TC Heartland*, 137 S. Ct. at 1517. Thus, venue in this district is proper only if LGEUS has (1) "committed acts of infringement" in WDTX and (2) "has a regular and established place of business" in WDTX. *Id.* at 1516-17 (quoting 28 U.S.C. § 1400(b)). GTP cannot show that LGEUS "has a regular and established place of business" in this district. Venue is therefore improper.

LGEUS does not own, lease, or rent any offices or facilities in WDTX. [Yoon Decl. at ¶ 5.] GTP's allegation that LGEUS has a location at 9420 Research Blvd, Austin, Texas 78759 ("Research Blvd facility") is unfounded, [*see* Dkt. 1 at ¶ 9], since LGEUS has no office or facility at that address. [Yoon Decl. at ¶ 5.]

---

[1] LG does not dispute that venue in this district would have been proper as to LGEKR alone. However, that is not sufficient because "venue must be proper as to each defendant and each claim." *B/E Aerospace*, 2018 WL 7140299, at *6 & n.1.

To the extent that GTP relies on LG *Display's* Great Hills facility, GTP does not explain how an address associated with a separate company constitutes a "place of the defendant," LGEUS. *See Cray*, 871 F.3d at 1360; [Yoon Decl. at ¶ 6.] Nor can it, because LGEUS does *not* "own[] or lease[] the place" and does *not* "exercise other attributes of possession or control over the place." *Cray*, 871 F.3d at 1363. Further, GTP cannot credibly argue that the indirect corporate relationship between LG Display and LGEUS somehow renders the two alter egos or otherwise establishes that their separate corporate forms should be disregarded. *See Minn. Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1264-65 (Fed. Cir. 1985). Simply put, LGEUS does not "actually engage in business from that location," as the statute requires. *See id.* at 1364; [Yoon Decl. at ¶ 6.]

Finally, GTP's complaint references two addresses in Fort Worth, Texas: 21251-2155 Eagle Parkway, Fort Worth, Texas 76177 ("Eagle Parkway facility") and 14901 Beach St, Fort Worth, Texas 76177 ("Beach St facility"). [Dkt. 1 at ¶ 9.] Neither of these addresses is within the Western District of Texas. *See* https://www.txwd.uscourts.gov/court-information/office-locations/ (WDTX website showing counties served). The venue inquiry focuses not on whether LGEUS has a presence in Texas generally, but on the "judicial *district* where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added). The Fort Worth addresses cited in GTP's complaint are not located in this district and are therefore irrelevant to whether LGEUS "has a regular and established place of business" in this district. *See Cray*, 871 F.3d at 1361.

Finally, the homes of the three LGEUS employees who live in WDTX do not constitute a regular and established place of business for LGEUS[2]. LGEUS does not own, rent, lease, or pay

---

[2] GTP's complaint does not raise any allegation that at-home employees of LGEUS somehow support venue under § 1400(b).

for any portion of those employees' homes. [Yoon Decl. at ¶ 7.] LGEUS does not store any inventory in those homes. [*Id.*] The LGEUS employees do not meet customers in their homes. [*Id.*] And the LGEUS employees are not required to live in WDTX as a condition of their employment. [*Id.*] Moreover, none of these employees' respective jobs relate to the accused products in this case. [*Id.*] Thus, the homes of these LGEUS employees cannot constitute a "regular and established place of business" in WDTX for LGEUS. *Cray,* 871 F.3d at 1365-66; *see also Correct Transmission LLC v. ADTRAN, Inc.,* No. 6:20-CV-00669-ADA, 2021 WL 1967985, at *4 (W.D. Tex. May 17, 2021) (finding, in similar circumstances, that defendant's employees' homes failed the *Cray* test).

In sum, LGEUS has no offices, facilities, or relevant employees in WDTX. [Yoon Decl. at ¶¶ 5-6.] It therefore has no "physical place" in WDTX from which it "actually engage[s] in business." *Cray*, 871 F.3d at 1364. Venue in this district is therefore improper.

### B.   LGEUS Does Not Have a "Regular and Established Place of Business" in the Western District of Texas

LGEUS similarly does not meet the second or third prongs of § 1400(b) because it does not have *any* place of business in this District, let alone a "regular and established" one that is a "place of" LGEUS.

As an initial matter, a "regular and established place of business *requires* the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged place of business." *In re Google LLC,* 949 F.3d 1338, 1345 (Fed. Cir. 2020) (internal quotation marks omitted). Applying *In re Google,* this Court recently held that the second *Cray* factor was not met despite the presence of a facility within the jurisdiction (in San Antonio) because no employees of the defendant worked at the property conducting the defendant's business. *Nat'l Steel Car Ltd. v. The Greenbrier Companies, Inc.,* No. 6:19-cv-00721-ADA, 2020 WL

4289388, at *5 (W.D. Tex. July 27, 2020). Specifically, in *National Steel Car,* the Court granted the defendant's motion to transfer due to improper venue, finding that there was no evidence of any "employee or agent [of the defendant] at the San Antonio property conducting [the defendant's] business," notwithstanding the fact that the San Antonio property was leased by one subsidiary of the defendant and used by another subsidiary. *Id*. In transferring the case to the District of Oregon, the Court specifically rejected the argument that a subsidiary's employees could be imputed the defendant parent, explaining that "[w]here a parent and subsidiary observe corporate formalities, the plaintiff has a heavy burden to establish a degree of control sufficient to impute the subsidiary's jurisdictional contacts to the parent." *Id.* at *2 (quoting *Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.,* 450 Fed. App'x 326, 331 (5th Cir. 2011)). Likewise, because no LGEUS employees or agents conduct LGEUS's business at the Research Blvd or Great Hills facilities (and because the Eagle Parkway or Beach Street facilities are not located in this District), the second *Cray* factor is not satisfied. *Cray,* 871 F.3d at 1360; [Yoon Decl. at ¶¶ 5-6.].

Similarly, the third *Cray* factor, which requires the regular and established place of business in the District "be the place of the defendant," is not satisfied. As discussed above, because LGEUS does not own, rent, lease, operate or control the Research Blvd and Great Hills Trail facilities (and because the Eagle Parkway or Beach Street facilities are not located in this District), neither one is a "place of" LGEUS. [Yoon Decl. at ¶¶ 5-6.] Moreover, it is well-settled that the presence of one corporation in a venue cannot support venue of a related corporation. *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *2 (W.D. Tex. June 19, 2020) (quoting *Sovereign IP, LLC v. AT&T Inc*., No. 2:17-CV-00293-RWS, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017)).

### C.  This Case Should Be Transferred to the Northern District of California Pursuant to 28 U.S.C. § 1406(a)

While venue is improper, as it is here, 28 U.S.C. § 1406(a) provides that the Court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." It cannot be disputed that this case could have been brought in the Northern District of California as (1) LGEUS is registered to do business in California and has a "regular and established place of business" in Santa Clara and Napa; (2) venue is proper in the Northern District of California as to LGEKR under 28 U.S.C. § 1391(c)(3); and (3) LGEKR personnel routinely travel to Northern California for meetings, thus subjecting LGEKR to personal jurisdiction in that judicial district. [Yoon Decl. at ¶¶ 3-4.]

For LGEUS, venue is proper in NDCA because it has offices in NDCA and because LGEUS's alleged acts of infringement relied on by GTP for purposes of venue would apply at least as equally (if not more) to NDCA as to WDTX. [*Id.* at ¶ 3 *cf.* Dkt. 1 at ¶ 7 (alleging LG is "regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district").] Moreover, LGEUS controls LG's United States website (www.lg.com/us), through which the accused products are offered for sale and sold throughout the United States, including in NDCA. [Yoon Decl. at ¶ 3.]

The Northern District of California also has specific personal jurisdiction over both LGEKR and LGEUS as to GTP's claims. California's long-arm statute is coextensive with jurisdiction consistent with due process, *see* Cal. Code Civ. P. § 410.10, and is satisfied for LGEUS in NDCA at least based on LGEUS's sales of allegedly infringing products in the NDCA, *see Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1579-81 (Fed. Cir. 1994). As for LGEKR, GTP's allegations relied upon to

support specific personal jurisdiction applies equally in NDCA as in WDTX. [*See* Dkt. 1 at ¶ 2 ("[LGEKR] designs, manufactures, makes, uses, imports ***into the United States***, and/or offers for sale ***in the United States*** [LG] smartphones and tablets. [LGEKR's] smartphones and tablets are marketed, used, offered for sale, and/or sold ***throughout the United States*** . . .").] Moreover, LGEKR has had continuous relevant contacts with Northern California that make specific personal jurisdiction in NDCA proper in this case (*e.g.*, through regular interactions, including meetings in person, with LGEUS employees located in Northern California relating to LGEKR's business concerning the accused products, as well as with Google (in NDCA) and Qualcomm (in SDCA) in connection with the products accused of infringement in this case). [Yoon Decl. at ¶ 4]; *see Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021).

Finally, like this Court, the Northern District of California has subject matter jurisdiction over patent infringement claims like GTP's. *See* 28 U.S.C. § 1338(a). Thus, GTP could have and should have filed this suit in NDCA. The Northern District of California would be a much more appropriate jurisdiction for this action "because 'witnesses, evidence, the underlying events, and [one of the defendants] are based there.'" *Moran v. Smith,* No. 5:15-CV-1121-DAE, 2016 WL 4033268, at *2 (W.D. Tex. July 27, 2016) (quoting *Herman v. Cataphora, Inc.,* 730 F.3d 460, 466 (5th Cir. 2013)). As discussed above, relevant third party suppliers such as Google and Xperi are also located in the Northern District of California.

Because venue is improper in this District, and this action could have been brought in the Northern District of California, this Court should transfer the case to the Northern District of California. 28 U.S.C. § 1406(a).

## V. THE CASE AGAINST LGEKR SHOULD ALSO BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA

Because this case should be transferred to the Northern District of California as to LGEUS, the case against LGEKR should be transferred as well. As the *Agis* Court previously held, "severance of [one defendant] is inappropriate, in this situation, as doing so would require the same case to be litigated twice in two different forums." *Agis Software Dev. LLC v. ZTE Corp.*, No. 2:17-CV-00517-JRG, 2018 WL 4854023, at *4 n.6 (E.D. Tex. Sept. 28, 2018) (citing *In re Rolls Royce Corp.,* 775 F.3d 671, 680 (5th Cir. 2014)). Accordingly, regardless of whether or not venue would be proper as to LGEKR, because the case must be transferred with respect to LGEUS, it should also be transferred with respect to LGEKR.

## VI. CONCLUSION

For the foregoing reasons, LG respectfully requests the Court transfer this case to NDCA.

Dated: July 2, 2021

Respectfully submitted,

By: */s/ Matthew Satchwell*

John M. Guaragna
Texas Bar No. 24043308
**DLA PIPER LLP (US)**
303 Colorado Street, Suite 3000
Austin, TX 78701
Phone: (512) 457-7000
john.guaragna@us.dlapiper.com

Matthew Satchwell (*Pro Hac Vice*)
Paul Steadman (*Pro Hac Vice*)
Stephanie Lim (*Pro Hac Vice*)
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606
Phone: (312) 368-4000
matthew.satchwell@us.dlapiper.com
paul.steadman@us.dlapiper.com
stephanie.lim@us.dlapiper.com

*Counsel for Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc.*