## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

GESTURE TECHNOLOGY PARTNERS, LLC,

                  Plaintiff,

v.

LG ELECTRONICS INC., AND LG ELECTRONICS U.S.A., INC.,

                  Defendants.

C.A. No. 6:21-cv-123-ADA

JURY TRIAL DEMANDED

## LG ELECTRONICS INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant LG Electronics Inc. ("LGEKR") answers the Complaint of Plaintiff's Gesture Technology Partners, LLC ("Plaintiff" or "GTP") as follows:

### PARTIES[1]

1.      Gesture Technology Partners, LLC is a limited liability company filed under the laws of the State of Ohio, with its principal place of business at 2815 Joelle Drive, Toledo, Ohio 43617.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, deny them.

2.      Defendant LG Electronics Inc. is a corporation organized and existing under the laws of the Republic of Korea. It has its principal place of business at LG Twin Towers, 128 Yeouidaero, Yeongdungpo-gu, Seoul, South Korea. LGE designs, manufactures, makes, uses,

---

[1] LGEKR has adopted headings in the Complaint for ease of reference. However, to the extent that such headings contain factual and legal characterizations, LGEKR denies such characterizations.

imports into the United States, sells, and/or offers for sale in the United States LGE smartphones and tablets. LGE's smartphones and tablets are marketed, used, offered for sale, and/or sold throughout the United States, including within this district.

**ANSWER:** LGEKR admits that it is a corporation organized under the laws of South Korea with a principal place of business at LG Twin Towers, 128 Yeouidaero, Yeongdungpo-gu, Seoul, 07366, South Korea. Except as expressly admitted, LGEKR denies all remaining allegations in Paragraph 2.

3.      Defendant LG Electronics U.S.A., Inc. is a corporation organized under the laws of the State of Delaware. It has a principal place of business at 1000 Sylvan Avenue Englewood Cliffs, New Jersey 07632. LG USA is a wholly owned subsidiary of LGE and oversees domestic sales and distribution of LG's consumer electronics products, including the products accused of infringement in this case.

**ANSWER:** LGEKR admits that LG Electronics U.S.A., Inc. ("LGEUS") is a corporation organized under the laws of Delaware. LGEKR admits that LGEUS is a wholly owned subsidiary of LGEKR. LGEKR further admits that LGEUS imports, sells, and offers for sale LG-branded products in the United States. Except as expressly admitted, LGEKR denies all remaining allegations in Paragraph 3.

## JURISDICTION AND VENUE

4.      GTP repeats and re-alleges the allegations in Paragraphs 1-3 as though fully set forth in their entirety.

**ANSWER:** LGEKR repeats and re-alleges its answers to Paragraphs 1-3 to the Complaint.

5.     This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

**ANSWER:** LGEKR admits that this action purportedly arises under the patent laws of the United States. LGEKR admits that this Court has subject matter jurisdiction over such claims under 28 U.S.C. §§ 1331 and 1338. Expressly as expressly admitted, LGEKR denies all remaining allegations in Paragraph 5.

6.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(c).

**ANSWER:** Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, LGEKR denies the allegations in Paragraph 6.

7.     LG is subject to this Court's specific and general personal jurisdiction due at least to LG's substantial business in this forum, including (i) at least a portion of the infringements alleged herein; or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

**ANSWER:** Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, LGEKR does not challenge this Court's personal jurisdiction in this lawsuit. LGEKR denies that it has committed any acts of infringement within this District or any other district. Except as expressly admitted, LGEKR denies all remaining allegations in Paragraph 7.

8.     Specifically, LG intends to and does business in Texas, directly or through intermediaries and offers its products or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the Western District of Texas.

**ANSWER:** Denied.

9.      LG USA maintains a regular and established place of business in this District, including at 9420 Research Blvd, Austin, Texas 78759, and a representative office at 9600 Great Hills Trail, Suite 150W, Austin, Texas 78759. LG USA maintains additional regular and established places of business at 21251-2155 Eagle Parkway, Fort Worth, Texas 76177 and 14901 Beach St, Fort Worth, TX 76177. LG USA may be served with process through its registered agent for service in Texas: United States Corporation Co. 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegation that LGEUS may be served with process through a registered agent at the agent and address alleged. LGEKR denies that it has places of business at 9420 Research Blvd, Austin, TX 78759; 9600 Great Hills Trail, Suite 150W, Austin, TX 78759; 21251-2155 Eagle Parkway, Fort Worth, TX 76177; or 14901 Beach St, Fort Worth, TX 76177. Except as expressly admitted, LGEKR denies all remaining allegations in Paragraph 9.

10.      Venue is proper against LGE pursuant to 28 U.S.C. § 1391(c)(3) because venue is proper in any judicial district against a foreign corporation. *See In re HTC Corp.,* 889 F.3d 1349, 1354 (Fed. Cir. 2018).

**ANSWER:** Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required and for purposes of this action, LGEKR denies the allegations in Paragraph 10.

11.      Venue is proper against LG USA in this District pursuant to 28 U.S.C. § 1400(b) because it has maintained established and regular places of business in this District and has

committed acts of patent infringement in the District. *See In re Cray Inc.,* 871 F.3d 1355, 1362-63 (Fed. Cir. 2017).

**ANSWER:** Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required and for purposes of this action, LGEKR denies the allegations in Paragraph 10. Specifically, pursuant to Fed. R. Civ. P. 12(b)(3), LGEKR objects to venue as improper in this judicial district under 28 U.S.C. § 1400(b) because LGEUS is not incorporated in the State of Texas, and LGEUS does not have a regular and established place of business in this judicial district.

## THE TECHNOLOGY

12.     GTP repeats and re-alleges the allegations in Paragraphs 1-11 as though fully set forth in their entirety.

**ANSWER:** LGEKR repeats and re-alleges its answers to Paragraphs 1-11 to the Complaint.

13.     GTP was founded in 2013 by Dr. Timothy Pryor, the sole inventor of the five Asserted Patents. He currently resides in Toledo, Ohio. Dr. Pryor received a B.S. in Engineering Physics from Johns Hopkins University in 1962, where he was also a member of the Army Reserve Officer in Training (ROTC) program. Upon graduation, he was commissioned as a Second Lieutenant in the United States Army. Dr. Pryor continued his education, obtaining an M.S. in Physics from the University of Illinois (1964) and a Ph.D. in Mechanical Engineering from the University of Windsor (1972).

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore deny them.

14.     Dr. Pryor rose to the rank of Captain in the U.S. Army before his honorable discharge in 1967. Dr. Pryor at the U.S. Army Aberdeen Proving Ground and served in Italy, commanding missile teams supporting the Italian armed forces on a NATO anti-aircraft missile site, charged with guarding nuclear warheads and providing technical assistance to NATO.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore deny them.

15.     Dr. Pryor is a named inventor on over 200 patents and patent applications. For the past four decades, he has been a pioneer in laser sensing technology, motion sensing technology, machine vision technology and camera-based interactive technology.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore deny them.

16.     Since the 1970's, Dr. Pryor has founded and led three other operating companies: two small operating companies in the automotive parts inspection and robotics businesses, one company that developed new forms of vehicle instrument panel controls, and co-founded another company that utilized camera-based sensors for physical therapy. Dr. Pryor is responsible for a significant amount of the research and development for the technologies at these companies.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore deny them.

17.     The patents-in-suit, U.S. Patent Nos. 8,194,924 (the "'924 patent"), 7,933,431 (the "'431 patent"), 8,878,949 (the "'949 patent"), and 8,553,079 (the "'079 patent"), and 7,804,530 (the "'530 patent") (collectively, the "Asserted Patents"), are generally directed to innovations in using mobile phone cameras to assist a user to interact with their smartphone, including, for

example, but not limited to unlocking their phone, taking and using photos or videos, and providing

other functions.

**ANSWER:** LGEKR admits that GTP's Complaint purports to concern U.S. Patent Nos.

8,194,924 (the "'924 patent"), 7,933,431 (the "'431 patent"), 8,878,949 (the "'949 patent"), and

8,553,079 (the "'079 patent"), and 7,804,530 (the "'530 patent") (collectively, the "Asserted

Patents"). LG is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of Paragraph 17 and therefore deny them.

18.     Dr. Pryor conceived of the inventions embodied in the Asserted Patents in the mid-

to late-1990s, when he was working on a variety of different projects related to imaging and

computer control. Dr. Pryor describes the process as a brainstorm that led to several breakthrough

moments, ultimately resulting in the Asserted Patents.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 18 and therefore deny them.

## DISCUSSIONS WITH LG

19.     Dr. Pryor and his patents are well-known to LG.

**ANSWER:** Denied.

20.     On September 12, 2017, GTP initiated a licensing discussion with LG by sending

a letter to LG providing LG with the Asserted Patents and describing how LG was using the

technology.

**ANSWER:** LGEKR admits that LGEUS received a letter but denies all remaining

allegations in Paragraph 20.

21.     LG responded by email on September 29, 2017 and the parties engaged in a series

of email discussions over the course of next four months through at least January of 2018.

**ANSWER:** LGEKR admits that it responded to an email on September 17, 2017 but denies all remaining allegations in Paragraph 21.

22.     As a result of the correspondence described above and other negotiations, LG was aware of the details of the Asserted Patents and was aware that LG needed a license to practice the inventions in the Asserted Patents.

**ANSWER:** Denied.

23.     On information and belief, LG did not take any steps to change their products or to inform its engineers and design team of the Asserted Patents to avoid infringing them.

**ANSWER:** LGEKR specifically denies that it has committed any acts of patent infringement. Except as expressly admitted, LGEKR denies all remaining allegations in Paragraph 23.

## THE ACCUSED PRODUCTS

24.     GTP repeats and re-alleges the allegations in Paragraphs 1-23 as though fully set forth in their entirety.

**ANSWER:** LGEKR repeats and re-alleges its answers to Paragraphs 1-23 to the Complaint.

25.     LG infringed the asserted patents by making, using, selling, offering to sell, and importing its smartphones and tablets. Exemplary accused smartphones and tablets include, but are not limited to, the LG G Pad F 8.0 2nd Gen ACG, LG G Pad 5 10.1, LG Wing 5G, the LG G8X ThinQ Dual Screen, the LG Q70, the LG Stylo 6, the LG K51, the LG K31, the LG Stylo 5, the LG Dual Screen for LG Velvet 5G, the LG K30, the LG K31 Rebel, the LG K92, the LG VELVET 5G, the LG VELVET 5G UW, the LG V60 ThinQ 5G, the LG V60 ThinQ 5G UW, the

LG Xpression Plus 3, the LG Phoenix 5, the LG Neon Plus, the LG G8X ThinQ, the LG Arena 2, the LG Prime 2, and LG G-series smartphones (collectively the "Accused Products").

**ANSWER:** LGEKR admits that LGEUS imports, sells, and offers to sell smartphones and tablets and that LGEKR makes smartphones and tablets outside of the United States but denies that it has committed any acts of patent infringement. Except as expressly admitted, LGEKR denies all remaining allegations in Paragraph 25.

## EXAMPLES OF LG'S MARKETING OF THE ACCUSED FEATURES

26.     The Accused Products have features including, but not limited to, at least the following: Tracking Focus, Picture Face Recognition, Selfie Focus, Portrait Mode, Gesture Shots, Gesture Shutter Take, Hand ID, Air Motion, Auto Shot, and 3D AR Stickers (the "Features").

**ANSWER:** LGEKR admits that some of its products have features that may include one or more of Tracking Focus, Picture Face Recognition, Selfie Focus, Portrait Mode, Gesture Shots, Gesture Shutter Take, Hand ID, Air Motion, Auto Shot, and 3D AR Stickers. Except as expressly admitted, LGEKR denies all remaining allegations in Paragraph 26.

27.     The Features drive the popularity and sales of the Accused Products.

**ANSWER:** Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, LGEKR denies the allegations in Paragraph 27.

28.     For example, LG has marketed the Accused Products using touchless commands to unlock the phone as a superior security feature, as described in the following screenshot from LG's website:

**ANSWER:** LGEKR admits that the screenshot purports to be marketing of touchless commands to unlock the phone. Except as expressly admitted, LGEKR denies all remaining allegations in Paragraph 28.

29.     LG has marketed its Accused Products using Air Motion as a new way to interact with LG phones, as described in the following screenshot from LG's website:

**ANSWER:** LGEKR admits that the screenshot purports to market LG-branded products using Air Motion. Except as expressly admitted, LGEKR denies all remaining allegations in Paragraph 29.

30.     LG has marketed its Accused Products using functions in taking photos and videos, such as taking portrait photos that separate the object from the background, as described in the following screenshot from LG's website:

**ANSWER:** LGEKR admits that the screenshot purports to market LG-branded products taking photos and videos. Except as expressly admitted, LGEKR denies all remaining allegations in Paragraph 30.

31.     LG has marketed its Accused Products using functions in taking photos and videos, such as Gesture Shot to take pictures with the front facing camera, as described in the following screenshot from LG's website:

**ANSWER:** LGEKR admits that the screenshot purports to market LG-branded products taking photos and videos. Except as expressly admitted, LGEKR denies all remaining allegations in Paragraph 31.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,194,924

32.     GTP repeats and re-alleges the allegations in Paragraphs 1-31 as though fully set forth in their entirety.

**ANSWER:** LGEKR repeats and re-alleges its answers to Paragraphs 1-31 to the Complaint.

33.     GTP owns all substantial rights, interest, and title in and to the '924 patent, including the sole and exclusive right to prosecute this action and enforce the '924 patent against infringers, and to collect damages for all relevant times. The United States Patent and Trademark Office duly issued the '924 patent on June 5, 2012. A copy of the '924 patent is attached as Exhibit A.

**ANSWER:** LGEKR admits that the '924 patent was issued on June 5, 2012 and that Exhibit A purports to be a copy of the '924 patent. LGEKR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 33 and therefore deny them.

34.     The '924 patent is titled "Camera Based Sensing in Handheld, Mobile, Gaming or Other Devices." The '924 patent describes using a camera output such that the handheld device's computer performs a control function on the device, such as acquiring or taking images, reading things, determining data, transmitting data, printing data, and actuating a vehicle or function.

**ANSWER:** LGEKR admits that the '924 patent is titled "Camera Based Sensing in Handheld, Mobile, Gaming or Other Devices." LGEKR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 33 and therefore deny them.

35.     The claims of the '924 patent are not directed to an abstract idea.

**ANSWER:** Paragraph 35 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 35.

36.     LG has directly infringed (literally or under the doctrine of equivalents) at least Claim 1 of the '924 patent.

**ANSWER:** Denied.

37.     LG has infringed the '924 patent by making, using, selling, offering for sale, and importing the Accused Products.

**ANSWER:** Denied.

38.     The Accused Products are handheld devices with a housing and a computer, including but not limited to one or more System-on-Chips.

**ANSWER:** Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 38.

39.     The Accused Products have at least one first camera oriented to view a user of the Accused Product. The first camera has an output when used.

**ANSWER:** Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 39.

40.     The Accused Products have at least one second camera oriented to view an object other than the user. The second camera has an output when used.

**ANSWER:** Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 40.

41.     The first and second cameras of the Accused Products have non-overlapping fields of view.

**ANSWER:** Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 41.

42.     The computer of the Accused Products is adapted to perform a control function, such as the control functions associated with the Features, based on an output of either the first camera or the second camera.

**ANSWER:** Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 42.

43.　　Plaintiff has been damaged as a result of the infringing conduct by LG alleged above. Thus, LG is liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ANSWER:** Denied.

44.　　Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '924 patent.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and therefore deny them.

45.　　Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '924 patent.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and therefore deny them.

46.　　LG had knowledge of the '924 patent at least as early as September 12, 2017, when GTP contacted LG in an attempt to license the Asserted Patents.

**ANSWER:** LGEKR admits that LGEUS received a letter identifying the '924 patent but denies all remaining allegations in Paragraph 46.

47.　　LG has also indirectly infringed one or more claims of the '924 patent by inducing others to directly infringe the '924 patent. LG has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '924 patent by using the Accused Products. LG took active steps, directly or through contractual relationships with others,

with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '924 patent, including, for example, Claim 1 of the '924 patent. Such steps by LG included, among other things, advising or directing end-users and other third-parties to use the Accused Features in the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner. LG performed these steps, which constitute induced infringement with the knowledge of the '924 patent and with the knowledge that the induced acts constitute infringement. LG was aware that the normal and customary use of the Accused Products by others would infringe the '924 patent. LG's direct infringement of the '924 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

**ANSWER:** Denied.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,933,731

48.     GTP repeats and re-alleges the allegations in Paragraphs 1-47 as though fully set forth in their entirety.

**ANSWER:** LGEKR repeats and re-alleges its answers to Paragraphs 1-47 to the Complaint.

49.     GTP owns all substantial rights, interest, and title in and to the '431 patent, including the sole and exclusive right to prosecute this action and enforce the '431 patent against infringers, and to collect damages for all relevant times. The United States Patent and Trademark Office duly issued the '431 patent on April 26, 2011. A copy of the '431 patent is attached as Exhibit B.

**ANSWER:** LGEKR admits that the '431 patent was issued on April 26, 2011 and that Exhibit B purports to be a copy of the '431 patent. LGEKR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 49 and therefore deny them.

50.     The '431 patent is titled "Camera Based Sensing in Handheld, Mobile, Gaming, or Other Devices." The '431 patent describes a method for a user to control a handheld device using gestures that are observed by a sensor on the handheld device.

**ANSWER:** LGEKR admits that the '431 patent is titled "Camera Based Sensing in Handheld, Mobile, Gaming, or Other Devices." LGEKR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 50 and therefore deny them.

51.     LG has directly infringed (literally or under the doctrine of equivalents) at least Claim 7 of the '431 patent. LG has infringed the '431 patent by making, using, selling, offering to sell, and importing the Accused Products.

**ANSWER:** Denied.

52.     The claims of the '431 patent are not directed to an abstract idea.

**ANSWER:** Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 52.

53.     The Accused Products are handheld computers.

**ANSWER:** Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 53.

54.     The Accused Products have a housing.

**ANSWER:** Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 54.

55.     The Accused Products have one or more cameras associated with their housing. The one or more cameras obtain images of objects using reflected light from the objects.

**ANSWER:** Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 55.

56.     A computer, including but not limited to at least one System on Chip, resides within the housing of the Accused Products. The computer analyzes images obtained by the one or more images to determine information about a position or movement of the object.

**ANSWER:** Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 56.

57.     The Accused Products use information about the object to control a function of the Accused Products, such as the functions associated with the Features.

**ANSWER:** Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 57.

58.     Plaintiff has been damaged as a result of the infringing conduct by LG alleged above. Thus, LG is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ANSWER:** Denied.

59.     Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '431 Patent.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and therefore deny them.

60.     Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '431 patent.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 and therefore deny them.

61.     LG had knowledge of the '431 patent at least as early as September 12, 2017, when GTP contacted LG in an attempt to license the Asserted Patents.

**ANSWER:** LG admits that LGEUS received a letter but denies all remaining allegations in Paragraph 61.

62.     LG has also indirectly infringed one or more claims of the '431 patent by inducing others to directly infringe the '431 patent. LG has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '431 patent by using the Accused Products. LG took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '431 patent, including, for example, Claim 7 of the '431 patent. Such steps by LG included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner. LG performed these steps, which constitute induced infringement with the knowledge of the '431 patent and with the knowledge that the induced acts constitute infringement. LG was aware that the normal and customary use of the Accused Products by others would infringe the '431 patent. LG's direct and indirect

infringement of the '431 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

**ANSWER:** Denied.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,878,949

63.     GTP repeats and re-alleges the allegations in Paragraphs 1-62 as though fully set forth in their entirety.

**ANSWER:** LGEKR repeats and re-alleges its answers to Paragraphs 1-62 to the Complaint.

64.     GTP owns all substantial rights, interest, and title in and to the '949 patent, including the sole and exclusive right to prosecute this action and enforce the '949 patent against infringers, and to collect damages for all relevant times. The United States Patent and Trademark Office duly issued the '949 patent on November 4, 2014. A copy of the '949 patent is attached as Exhibit C.

**ANSWER:** LGEKR admits that the '949 patent was issued on November 4, 2014 and that Exhibit C purports to be a copy of the '924 patent. LGEKR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 64 and therefore deny them.

65.     The '949 Patent is titled "Camera Based Interaction and Instruction." The '949 patent describes a device that allows a user to control the device using gestures registered by the front-facing camera and an electro-optical sensor.

**ANSWER:** LGEKR admits that the '949 patent is titled "Camera Based Interaction and Instruction." LGEKR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 65 and therefore deny them.

66.     The claims of the '949 patent are not directed to an abstract idea.

**ANSWER:** Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 66.

67.     LG has directly infringed (literally or under the doctrine of equivalents) at least Claim 1 of the '949 patent. LG infringed the '949 patent by making, using, selling, offering for sale, and importing the Accused Products.

**ANSWER:** Denied.

68.     The Accused Products are portable devices.

**ANSWER:** Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 68.

69.     The Accused Products have a housing. The housing has a forward-facing portion that includes an electro-optical sensor that has a field of view and a digital camera.

**ANSWER:** Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 69.

70.     Within the housing is a processing unit including, but not limited to, at least one System on Chip. The processing unit is coupled to the electro-optical sensor.

**ANSWER:** Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 70.

71.     The processing unit in the Accused Products has been programmed to determine if a gesture has been performed in the electro-optical sensors field of view based on an output from the electro-optical sensor.

**ANSWER:** Paragraph 71 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 71.

72.     The processing unit of the Accused Products controls the digital camera in response to the gesture performed. Such gestures are used by the Features.

**ANSWER:** Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 72.

73.     Plaintiff has been damaged as a result of the infringing conduct by LG alleged above. Thus, LG is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ANSWER:** Denied.

74.     Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '949 Patent.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and therefore deny them.

75.     Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '949 patent.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 and therefore deny them.

76.     LG had knowledge of the '949 patent at least as early as September 12, 2017, when GTP contacted LG in an attempt to license the Asserted Patents.

**ANSWER:** LGEKR admits that LGEUS received a letter but denies all remaining allegations in Paragraph 76.

77.     LG has also indirectly infringed one or more claims of the '949 patent by inducing others to directly infringe the '949 patent. LG has induced end-users and other third-parties to

directly infringe (literally or under the doctrine of equivalents) the '949 patent by using the Accused Products. LG took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '949 patent, including, for example, Claim 1 of the '949 patent. Such steps by LG included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner. LG performed these steps, which constitute induced infringement with the knowledge of the '949 patent and with the knowledge that the induced acts constitute infringement. LG was aware that the normal and customary use of the Accused Products by others would infringe the '949 patent. LG's direct and indirect infringement of the '949 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

**ANSWER:** Denied.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 8,553,079

78.     GTP repeats and re-alleges the allegations in Paragraphs 1-77 as though fully set forth in their entirety.

**ANSWER:** LGEKR repeats and re-alleges its answers to Paragraphs 1-77 to the Complaint.

79.     GTP owns all substantial rights, interest, and title in and to the '079 patent, including the sole and exclusive right to prosecute this action and enforce the '079 patent against infringers, and to collect damages for all relevant times. The United States Patent and Trademark

Office duly issued the '079 patent on October 8, 2013. A copy of the '079 patent is attached as Exhibit D.

**ANSWER:** LGEKR admits that the '079 patent was issued on October 8, 2013 and that Exhibit D purports to be a copy of the '079 patent. LGEKR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 79 and therefore deny them.

80.     The '079 patent is titled "More Useful Man Machine Interfaces and Applications." The '079 patent describes methods and apparatuses related to determining gestures illuminated by a light source of a computer by using a camera housed in the computer.

**ANSWER:** LGEKR admits that the '079 patent is titled "More Useful Man Machine Interfaces and Applications." LGEKR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 80 and therefore deny them.

81.     The claims of the '079 patent are not directed to an abstract idea.

**ANSWER:** Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 81.

82.     LG has directly infringed (literally or under the doctrine of equivalents) at least Claim 11 of the '079 patent. LG has infringed the '079 patent by making, using, selling, offering for sale, and importing the Accused Products.

**ANSWER:** Denied.

83.     The Accused Products are computer apparatuses.

**ANSWER:** Paragraph 83 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 83.

84. The Accused Products contain a light source that will illuminate a human body part within a work volume.

**ANSWER:** Paragraph 84 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 84.

85. The Accused Products have one or more cameras. The one or more cameras have a fixed relation to the light source. The one or more cameras of the Accused Products are oriented to observe gestures performed by a human body part.

**ANSWER:** Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 85.

86. The Accused Products have one or more processors including, but not limited to, one or more System on Chips, that have been programmed to determine a gesture performed based on output from the one or more cameras.

**ANSWER:** Paragraph 86 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 86.

87. Plaintiff has been damaged as a result of the infringing conduct by LG alleged above. Thus, LG is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ANSWER:** Denied.

88. Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '079 patent.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 and therefore deny them.

89.     Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '079 patent.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and therefore deny them.

90.     LG had knowledge of the '079 patent at least as early as September 12, 2017, when GTP contacted LG in an attempt to license the Asserted Patents.

**ANSWER:** LGEKR admits that LGEUS received a letter but denies all remaining allegations in Paragraph 90.

91.     LG has also indirectly infringed one or more claims of the '079 patent by inducing others to directly infringe the '079 patent. LG has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '079 patent by using the Accused Products. LG took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '079 patent, including, for example, Claim 11 of the '079 patent. Such steps by LG included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner. LG performed these steps, which constitute induced infringement with the knowledge of the '079 patent and with the knowledge that the induced acts constitute infringement. LG was aware that the normal and customary use of the Accused Products by others would infringe the '079 patent. LG's inducement is ongoing.

**ANSWER:** Denied.

92.     LG's direct and indirect infringement of the '079 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

**ANSWER:** Denied.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,804,530

93.     GTP repeats and re-alleges the allegations in Paragraphs 1-92 as though fully set forth in their entirety.

**ANSWER:** LGEKR repeats and re-alleges its answers to Paragraphs 1-92 to the Complaint.

94.     GTP owns all substantial rights, interest, and title in and to the '530 patent, including the sole and exclusive right to prosecute this action and enforce the '530 patent against infringers, and to collect damages for all relevant times. The United States Patent and Trademark Office duly issued the '530 patent on September 28, 2010. A copy of the '530 patent is attached as Exhibit E.

**ANSWER:** LGEKR admits that the '530 patent was issued on September 28, 2010 and that Exhibit E purports to be a copy of the '530 patent. LGEKR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 94 and therefore deny them.

95.     The '530 patent is titled "Picture Taking Method and Apparatus." The '530 patent describes a method and apparatus for enhancing the quality and usefulness of taking photos and videos.

**ANSWER:** LGEKR admits that the '530 patent is titled "Picture Taking Method and Apparatus." LGEKR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 95 and therefore deny them.

96.     The claims of the '530 patent are not directed to an abstract idea.

**ANSWER:** Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 96.

97.     LG has directly infringed (literally or under the doctrine of equivalents) at least Claim 1 of the '530 patent. LG has infringed the '530 patent by making, using, selling, offering for sale, and importing the Accused Products.

**ANSWER:** Denied.

98.     The Accused Products are designed to enable a method of photographing a person.

**ANSWER:** Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 98.

99.     The Accused Products have one or more cameras, a computer, and an image processing software.

**ANSWER:** Paragraph 99 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 99.

100.    The Accused Products may be positioned so that the one or more cameras of the Accused Products view a person, including that person's face, so that the one or more cameras of the Accused Products are positioned separate from that person.

**ANSWER:** Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 100.

101.    The one or more cameras of the Accused Products are able to acquire an image of a person.

**ANSWER:** Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 101.

102.    The computer of the Accused Products is able to process that image.

**ANSWER:** Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 102.

103.    The computer of the Accused Products is able to determine from that processed image a state of that person.

**ANSWER:** Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 103.

104.    The computer of the Accused products is able to compare the state of that person to a desired state.

**ANSWER:** Paragraph 104 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 104.

105.    The computer of the Accused Products is able to record an image that is viewable later as a photograph, if the result of the aforementioned comparison is that the state of that person is the desired state.

**ANSWER:** Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, LGEKR denies all allegations in Paragraph 105.

106.    Plaintiff has been damaged as a result of the infringing conduct by LG alleged above. Thus, LG is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ANSWER:** Denied.

107.    Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '530 patent.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 and therefore deny them.

108.    Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '530 patent.

**ANSWER:** LGEKR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 and therefore deny them.

109.    LG had knowledge of the '530 patent at least as early as September 12, 2017, when GTP contacted LG in an attempt to license the Asserted Patents.

**ANSWER:** LGEKR admits that LGEUS received a letter identifying the '530 patent but denies all remaining allegations in Paragraph 109.

110.    LG has also indirectly infringed one or more claims of the '530 patent by inducing others to directly infringe the '530 patent. LG has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '530 patent by using the Accused Products. LG took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '530 patent, including, for example, Claim 1 of the '530 patent. Such steps by LG included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner. LG performed these steps, which constitute induced infringement with the knowledge of the '530 patent and with the knowledge that the induced acts constitute infringement. LG was aware that the normal and customary use of the Accused Products by others would infringe the '530 patent. LG's inducement is ongoing.

**ANSWER:** Denied.

111.   LG's direct and indirect infringement of the '530 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

**ANSWER:** Denied.

## JURY DEMAND

GTP's demand for a trial by jury for all issues triable does not state any allegation, and LGEKR is not required to respond. To the extent that any allegations are included in the demand, LG denies these allegations.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by GTP to which no response is required. LGEKR denies that GTP is entitled to any of the requested relief and denies any allegations.

## GENERAL DENIAL

Except as explicitly admitted herein, LG denies each and every allegation contained in the Complaint.

## LG'S DEFENSES

Subject to the responses above, LGEKR alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to its responses above, LGEKR specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE
## Failure to State a Claim Upon Which Relief Can Be Granted

112.    GTP's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
## Non-Infringement of the Asserted Patents

113.    LGEKR does not infringe and has not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the Asserted Patents.

## THIRD DEFENSE
## Invalidity of the Asserted Patents

114.    Each claim of each of the Asserted Patents is invalid for failure to satisfy one or more provision of the patentability requirements specified in 35 U.S.C. § 101 et seq., including but not limited to §§ 101, 102, 103, and 112.

## FOURTH DEFENSE
## Prosecution History Estoppel

115.    GTP's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent applications resulting in each of the Asserted Patents before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

## FIFTH DEFENSE
## Limitation on Damages

116.    GTP's claims for damages, if any, against LGEKR for alleged infringement of the Asserted Patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

## SIXTH DEFENSE
### Failure to Mitigate Damages

117.    GTP's claims of infringement are barred, in whole or in part, by GTP's failure to mitigate damages, at least because GTP unreasonably delayed in filing its claims in this action against LGEKR, and unreasonably delayed in prosecuting the asserted claims against LGEKR after GTP and/or any predecessor-in-interest knew or should have known of the allegedly infringing actions.

## SEVENTH DEFENSE
### No Willful Infringement of the Asserted Patents

118.    GTP is not entitled to enhanced damages under 35 U.S.C. § 284 because LGEKR has not intentionally, willfully, or deliberately infringed any claim of the Asserted Patents or acted with egregious conduct.

## EIGHTH DEFENSE
### No Attorney Fees

119.    GTP is not entitled to any attorney fees under 35 U.S.C. § 285.

## NINTH DEFENSE
### Improper Venue

120.    Pursuant to Fed. R. Civ. P. 12(b)(3), LGEKR objects to venue as improper in this judicial district under 28 U.S.C. § 1400(b) because LGEUS is not incorporated in the State of Texas, and LGEUS does not have a regular and established place of business in this judicial district.

## TENTH DEFENSE
### Ensnarement

121.    GTP's claims of infringement under the doctrine of equivalents, if any, are barred under the doctrine of ensnarement.

## ELEVENTH DEFENSE
### License or Exhaustion

122.    GTP's claims for relief are barred, in whole or in part, by the doctrines of exhaustion, first sale, license, implied license, full compensation, or restrictions against double recovery.

## ADDITIONAL DEFENSES

123.    LGEKR's investigation is ongoing, and LGEKR reserves the right to assert any additional defenses or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, LGEKR prays for judgment as follows:

A.    A judgment dismissing GTP's Complaint against LGEKR with prejudice;

B.    A declaration that LGEKR has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of the Asserted Patents;

C.    A declaration that the Asserted Patents are invalid and/or unenforceable;

D.    A declaration that this case is exceptional and an award to LGEKR of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

E.    A judgment limiting or barring GTP's ability to enforce the Asserted Patents in equity;

F.    Such other and further relief as this Court may deem just and proper.

Dated: July 2, 2021                    Respectfully submitted,

                                       By: */s/ Matthew Satchwell*

                                           John M. Guaragna
                                           Texas Bar No. 24043308
                                           **DLA PIPER LLP (US)**
                                           303 Colorado Street, Suite 3000
                                           Austin, TX 78701
                                           Phone: (512) 457-7000
                                           john.guaragna@us.dlapiper.com


                                           Matthew Satchwell (*Pro Hac Vice*)
                                           Paul Steadman (*Pro Hac Vice*)
                                           Stephanie Lim (*Pro Hac Vice*)
                                           **DLA PIPER LLP (US)**
                                           444 West Lake Street, Suite 900
                                           Chicago, IL 60606
                                           Phone: (312) 368-4000
                                           matthew.satchwell@us.dlapiper.com
                                           paul.steadman@us.dlapiper.com
                                           stephanie.lim@us.dlapiper.com

                                           *Counsel for Defendants LG Electronics Inc.
                                           and LG Electronics U.S.A., Inc.*